# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

General Motors Company,      :
               Petitioner    :
                              :   No. 281 F.R. 2024
   v.                         :   No. 282 F.R. 2024
                              :   No. 283 F.R. 2024
Commonwealth of Pennsylvania,  :   ARGUED: September 9, 2025
               Respondent  :

BEFORE:   HONORABLE ANNE E. COVEY, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge
              HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**         **FILED: December 24, 2025**

Before the Court is the Commonwealth's application for relief seeking an Order directing that General Motors Company's (GM) April 11, 2025 letters to the Court's Prothonotary (Letters) be docketed as case records, and GM's answer in opposition to the application. To provide context to the Commonwealth's application, we briefly recount the following background, which is not disputed.

These consolidated appeals involve GM's corporate net income tax liability for tax years 2018 through 2020. After GM instituted the appeals, the Court issued its standard initial orders directing that each party file detailed status reports containing certain pertinent information, including the "best estimate of the amount at issue[.]" *See, e.g.*, 3/14/2025 Order for No. 281 F.R. 2024. Counsel for GM has adopted a practice of omitting the amount of tax at issue from its detailed status reports as counsel believes it qualifies as confidential information protected from

disclosure under Section 731 of The Fiscal Code,[1] 72 P.S. § 731, and Section 408(b) of the Tax Reform Code of 1971,[2] 72 P.S. § 7408(b). GM's Answer to Appl. ¶¶ 4-7. Counsel then sends a letter to the Court's Prothonotary providing the amount of tax at issue, and because that letter is not formally filed with the Court and docketed, it is not accessible by the public. *See id.*, Ex. A.

Pursuant to this practice, GM filed detailed status reports in all three of these cases which excluded the amount of tax at issue. *See, e.g.*, GM's 4/14/2025 Status Rep. for No. 281 F.R. 2024. GM also sent the Letters at issue to the Court's Prothonotary indicating the amount of tax at issue in each case, and provided the Commonwealth with copies of those Letters. Undeterred by the claim of confidentiality, the Commonwealth filed detailed status reports that specifically included the amount of tax at issue in each case. *See, e.g.*, Commonwealth's 4/14/2025 Status Rep. for No. 281 F.R. 2024. At GM's request, the Court consolidated these matters by Order issued April 16, 2025.

The Commonwealth subsequently filed the instant application requesting that the Court issue an order directing the Prothonotary to enter the Letters onto the docket as case records, thus making them publicly accessible. GM filed an answer in opposition to the Commonwealth's application; however, it did not file an application to strike the Commonwealth's status reports or an application for a protective order to have the amounts at issue redacted, or seek any other form of relief. *See* GM's Answer to Appl.

The underlying legal issue here of whether the amount of tax at issue qualifies as confidential taxpayer information so that it should be shielded from

---

[1] Act of April 9, 1929, P.L. 343, *as amended*, 72 P.S. §§ 1-1805. Section 731 was added by the Act of June 6, 1939, P.L. 261.

[2] Act of March 4, 1971, P.L. 6, *as amended*, 72 P.S. §§ 7101-10004.

2

public access was also raised in other pending tax appeals, and the matters were argued seriately before this panel. *See AmerisourceBergen Sourcing, LLC v. Commonwealth*, ___ A.3d ___ (Pa. Cmwlth. 2025) (Pa. Cmwlth., Nos. 406-408 F.R. 2024, filed Dec. 24, 2025) (*AmerisourceBergen*). Based on our reasoning in *AmerisourceBergen*, we deny the Commonwealth's application, although it is of no moment since the information is already of public record. However, if GM or any other taxpayer wants to keep this information confidential in the early stages of these appeals, it must follow the proper procedures as outlined in the Case Records Public Access Policy of the Unified Judicial System of Pennsylvania, 204 Pa. Code § 213.81, rather than using its own informal practice.

 

 

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

| | | |
|---|---|---|
| General Motors Company, | : | |
| Petitioner | : | |
| | : | No. 281 F.R. 2024 |
| v. | : | No. 282 F.R. 2024 |
| | : | No. 283 F.R. 2024 |
| Commonwealth of Pennsylvania, | : | |
| Respondent | : | |

# **O R D E R**

AND NOW, this 24th day of December, 2025, the Commonwealth's Application for Relief is DENIED.

_____

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita